**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 2:17-cr-00180-7 |
| | ) | |
| THOMAS HANNON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court is a Motion on behalf of the Defendant Thomas Hannon seeking relief from conditions of his supervision related to his requested use of marijuana to treat what he describes as a "serious medical condition" and pursuant to a medical marijuana card issued by a licensed provider of such in the Commonwealth of Pennsylvania. (ECF No. 1303.) He is serving the supervised release portion of his sentence, which will continue until October 11, 2025. For the reasons which follow, that relief is DENIED, without prejudice.

The record reveals that the Defendant has lawfully obtained authority from a licensed provider to use marijuana therapeutically for his stated afflictions, in accord with Pennsylvania state law. He is subject to conditions of supervision while on a term of supervised release that would prohibit him from doing so pursuant to that authority, namely that he not commit a "federal, state or local crime," and that he not unlawfully possess or use a controlled substance. It is also undisputed that currently, under federal law, marijuana is a Schedule I controlled substance, meaning that it has no approved therapeutic use, and its personal possession and use is unlawful. 21 U.S.C. §§ 812, 844(a).

This situation is made more complicated by other factors. As to a federal sentence of probation, it is a mandatory condition of probation that a defendant not commit a federal crime, that they not unlawfully possess a controlled substance, and that they refrain from any unlawful use of a controlled substance. 18 U.S.C. § 3563 (a)(1), (3), (5). On top of that, a supervising court is mandated to revoke a term of probation for the unlawful possession of a controlled substance, or in the event of more than three failed drug tests within a one-year period, and upon revocation, the court must impose a term of imprisonment. Virtually identical statutory provisions apply as to imposed terms of supervised release as applicable to Mr. Hannon. 18 U.S.C. § 3583 (d), (g).

The Court has previously addressed similar situations in the context of pretrial and presentence release. *United States v. Wright*, No. 19-cr-192, Memorandum Order at ECF No. 74 (*"Wright Order"*). There the Court noted that, among other things, the statutory provisions governing such release were quite different from those involved here, and did not contain the mandatory revocation/imprisonment provisions applicable to an imposed sentence of probation or supervised release. The Court set out the bases upon which it concluded that both the supervising probation officers and the Court had wider latitude to not recommend or take revocation action when a person under such supervision used "medical marijuana" in circumstances akin to those here. This Court also noted that the members of this Court are not in unanimity on such matters. *Wright Order* at 8, n.5. Notably, this Court in *Wright* did not hold that the use of medical marijuana pursuant to the authority of Pennsylvania law did not violate the federal statutory provisions related to pretrial or presentence release, but instead acknowledged the dispositional latitude the law provided to the Court.

As this Court also noted in its Memorandum Order in *Wright*, that situation was at that time convoluted due to demonstrably mixed messages from Congress, which on the one hand has

maintained marijuana as a Schedule I controlled substance, but has also deprived the Department of Justice of the authority to expend appropriated funds for the federal prosecution of those possessing or using (only) marijuana for medical purposes where such is authorized under prevailing state law, and in particular as to Pennsylvania. *See* Consolidated Appropriations Act of 2023, Pub. L. No. 117-328 § 531, (2023) ("[n]one of the funds made available under this Act to the Department of Justice may be used, with respect to any of the State[s] of . . . Pennsylvania . . . to prevent any of them from implementing their own laws that authorize the use, distribution, possession, or cultivation of medical marijuana."). The Court would note that in this case, the United States via the Department of Justice has not sought to have the Court revoke the supervision of the involved Defendant based on his medical marijuana use, so the provisions of that budget rider would not appear to be implicated in this case, at least not at this point. *See Wright Order* at 8, n. 5.

Since this Court issued its Memorandum Order in *Wright*, the President of the United States has weighed in, and in a way that has not lessened the apparent cross-purposes with which federal law and federal law enforcement acts.

On October 6, 2022, the President issued a Statement and accompanying directives on this topic. He announced that he has issued pardons in the cases of all prior federal convictions for simple possession of marijuana, which he estimated to be in the "thousands." Second, he urged all state governors to do the same thing for parallel state offenses, stating, "[j]ust as no one should be in a Federal prison solely for the possession of marijuana, no one should be in a local jail or state prison for that reason, either." Third, he directed the federal Secretary of Health and Human Services and the Attorney General to initiate the necessary review processes to reconsider the status of marijuana as a Schedule I controlled substance under federal law. He closed by saying,

"[t]oo many lives have been upended because of our failed approach to marijuana. It's time that we right that wrong." Statement from President Biden on Marijuana Reform, October 6, 2022, https://www.WhiteHouse.gov/briefing-room/statements-releases/2022/10/06/statement-from-president-biden-on-marijuana-reform/.

This Court neither takes nor announces any position on the wisdom of the policy judgments of Congress and the President as set out above. But it does observe that these inconsistencies in what federal law says, and how it will be enforced, seem to do little to promote congruity in the law in this arena. On the one hand, Congress maintains marijuana as a Schedule I controlled substance in that the federal statutory criminal prohibitions on the simple possession or personal use of it, even for medical purposes authorized under state law, remain in force. At the same time, in the exercise of its "power of the purse," it has declared that the Department of Justice, and its federal prosecutors, may not expend appropriated funds to prosecute those personally possessing or using marijuana for medical purposes when such is otherwise consistent with state law.

On top of that, the President has announced retrospective pardons for anyone convicted federally for marijuana possession (only), and has declared that no person should spend a single day in prison for such conduct. *See United States v. Love*, No. 2:03-187-01, 2022 WL 5434985, at *1 (S.D.W. Va. Oct. 7, 2022) (recognizing the incongruity in enhancing a sentence for a prior "possession only" marijuana conviction at the same time those convicted of such offenses received pardons).

But then there are the above-reference provisions of federal sentencing law that run counter to those principles by mandating supervision conditions that are at odds with the current Congressional and Presidential declarations of policy, and that also mandate prison time for conduct that would include that personal possession and use of "medical marijuana" by those on

federal supervision, even when such use is fully consistent with applicable state law. And in that regard, Pennsylvania is not an outlier, as 38 states, three territories and the District of Columbia authorize the use of "medical marijuana" under their own law. *Medical-Use Update*, National Conference of State Legislatures (as of April 24, 2023), https://www.ncsl.org/health/state-medical-cannabis-laws (last checked June 27, 2023).

A rational observer could conclude that this state of affairs does not well serve the sound and fair administration of justice in the federal system. It can be logically seen as unfair to the probation officers who are obligated to supervise those under their jurisdiction in the context of these conflicting expressions of federal policy. Those same observers could also conclude that it is unreasonable for those in the shoes of the Defendant, who would just as logically be uncertain as to what conduct is for him lawful, under either state or federal law, in the face of what is stated to be a "serious medical condition". They might well also conclude that it is unfair to federal prosecutors, who are charged with advancing revocation proceedings for the use of "medical marijuana," but run directly into the Congressional directive that no appropriated funds may be used to prosecute the possession or use of marijuana when such is lawful for medical purposes under state law. And then, all of these participants in the legal process would also be observing the President declaring that no person should spend time in prison for simple possession of marijuana and issuing blanket pardons to that same effect, when time in prison is statutorily mandated upon a revocation of federal supervised release, even if marijuana is "simply" possessed or personally used for medical uses as otherwise authorized by Pennsylvania law.

This situation could also be seen as undercutting the public's understanding of the essential principle of respect for the law. When the highest levels of two of the three Branches of the federal government use their Constitutional appropriations and pardon powers to in essence speak at cross-

purposes with the provisions of federal criminal statutes that remain on the books, it becomes more difficult to generate that respect for the law which is fundamental to our founding principles.

So where does that leave this Court, part of the Third Branch? Unfortunately, in the position where it is empowered to do no more than describe this state of affairs as noted above, with the hope that the leaders of the Legislative and Executive Branches would bring harmony to these competing statements of legislative and executive policy.

With the President's Statement of October 2022, this Court had held out the hope that in the nearer term, there would be further advances in applicable law that would bring the Court's obligations in regard to the statutory conditions of supervised release into line  with the current Congressional and Presidential policy on these topics (or vice versa), whether by the federal "rescheduling" of marijuana the President's Statement referenced, a statutory amendment, or otherwise, so it has held off ruling on this Motion.

But that harmonization of these federal statutory and enforcement directives has not arrived, and it is appropriate to enter this Order at this time, particularly in light of a precedential Opinion of our Court of Appeals on this broader topic, there focused on similar (but not identical) statutory conditions of federal pretrial release. *See United States v. Cannon*, 36 F. 4th 496, 500, n.1 (3d Cir. 2022) (*per curiam*) (in a case decided prior to the issuance of the referenced pardon declaration, the court of appeals holds that "medical marijuana" use is not outside the sweep of federal statutory provisions prohibiting the personal possession or use of marijuana even if authorized by Pennsylvania law; nonetheless, use of "medical marijuana" consistent with state law while on pretrial release does not *per se* require revocation of federal pretrial release). And in the few reported post-*Cannon* cases on this broader topic, another member of this Court has reached the conclusion that the principles explained in *Cannon* as to federal pretrial release also apply to

the analysis of conditions of supervised release as they relate to the use of "medical marijuana". *See United States v. Rice*, No. 17-cr-338, 2023 WL 4086278, \*2 (W.D. Pa. June 20, 2023); *United States v. Butler*, No 14-cr-270, 2022 WL 16794561, \*1 (W.D Pa. Nov. 8, 2022); *United States v. Demery*, No. 14-cr-106, 2022 WL 16794588, \*1 (W.D. Pa. Nov. 8, 2022); *United States v. Scott*, No. 14-cr-270, 2022 WL 16820843, \*1 (W.D. Pa. Nov. 8, 2022)\.

The relief the Defendant seeks here is in the Court's judgment a logical "ask" in the context of this maelstrom of countervailing governmental pronouncements at the federal level, but it is also relief that our Court of Appeals made plain in *Cannon* that this Court is not empowered to grant. The federal statutes on the books as to the conditions of probationary and supervised release sentences are unambiguous in regard to the consequences of the possession and use of marijuana by those on a sentence of probation or supervised release, even as to "medical marijuana" use otherwise permitted under Pennsylvania state law. Those statutory provisions seemingly bear no exception that may be relied upon to conform them to the current state of the above-referenced federal budgetary affairs and Executive Order expressing Congressional and Presidential policy on this topic. Those statutory provisions do not appear to offer an "escape hatch" from their provisions for the circumstances here, given the supremacy of federal statutory law in the face of contrary state law. *See Cannon*, 36 F.4th at 500–01.

Consequently, the Court concludes that it is currently without the authority to grant the specific relief requested, namely the Court's affirmative modification of stated conditions of supervision to expressly and affirmatively authorize the Defendant to use "medical marijuana" without the risk of federal sanctions. Therefore, the Motion at ECF No. 1302 as to the Defendant for such specific relief is DENIED, without prejudice.

The Court takes no position on any other form of relief or judicial action as to these matters, as such are not now before the Court.

s/ Mark R. Hornak
Mark R. Hornak
Chief United States District Judge

Dated:  June 30, 2023
cc:    All counsel of record